**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PAMELA FEDIE,

        Plaintiff,

v.                                                               CIVIL NO. 09-10417
                                                                 HON. LAWRENCE P. ZATKOFF

LIVINGSTON COUNTY
and JOEL ASH,

        Defendants.

_____/

<u>**OPINION AND ORDER**</u>

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 29, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter comes before the Court on Defendants' motion to dismiss Plaintiff's claim for

malicious prosecution pursuant to Fed. R. Civ. P. 12(c) [dkt 19].  The parties have fully briefed the

motion.  The parties, however, seem to disregard the fact that Plaintiff's malicious-prosecution claim

is brought under 42 U.S.C. § 1983, which is separate and distinct from a state-law claim for

malicious prosecution.  Regardless, the Court finds that the decision process would not be

significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby

ORDERED that the motion be resolved on the briefs submitted.  For the reasons set forth below,

Defendants' motion is GRANTED.

**II.  BACKGROUND**

On February 3, 2007, at approximately 4:30 am, Plaintiff received a phone call from her son

asking her to pick him up from a friend's house.  Plaintiff maintains that her daughter drove Plaintiff

to the neighborhood in which the son was located.  Due to darkness, the two women had difficulty

ascertaining addresses so they pulled in and out of several driveways in search of the proper address.

Plaintiff's car ultimately pulled into the driveway next to the correct house and Plaintiff's daughter

went in search of her brother.  Meanwhile, Plaintiff avers that she moved from the passenger to the

driver seat.  Shortly thereafter, Defendant Ash, a police officer for Defendant Livingston County,

approached Plaintiff's car and demanded to know why she was parked in his driveway.  Ash asked

Plaintiff to surrender her car keys and when she refused, Ash allegedly pulled her from the car,

slammed her head into the hood of her vehicle, shoved her face into the snow, and committed other

physical assaults against Plaintiff.[1]  Plaintiff was taken to the hospital where she was treated for

injuries to her head, face, and ribs.  Defendants charged Plaintiff with driving under the influence

and two counts of resisting arrest.  Plaintiff was found guilty of the former charge but not of the

latter charges.  In her amended complaint, Plaintiff indicates that the resisting-arrest charges were

"ultimately dismissed."  In her responsive brief to the present motion, however, Plaintiff indicates

that she was acquitted of the resisting-arrest charges.

### III.  LEGAL STANDARD

Motions for judgment on the pleadings brought under Rule 12(c), like those brought under

Rule 12(b)(6), test the legal sufficiency of a plaintiff's complaint; as such, the Sixth Circuit utilizes

---

[1] Defendants dispute Plaintiff's version of the facts, maintaining that Ash was preparing for work on the day in question when he discovered Plaintiff's car in his driveway.  Ash immediately recognized that Plaintiff was intoxicated and she apparently admitted consumption of alcohol and cocaine.  Ash asked for her car keys to prevent further operation of the car. Plaintiff refused, exhibiting wild mood swings between remorse and aggression.  Defendants deny that the force used was unreasonable.  For purposes of this motion, however, the Court construes the facts in the light most favorable to Plaintiff as the nonmoving party.

the same standard for both motions.  *See, e.g.*, *Lindsay v. Yates*, 498 F.3d 434 (6th Cir. 2007); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).  A Rule 12(c) motion is thus only appropriate for the resolution and disposal of cases in which all material allegations of fact are admitted or not disputed, thereby leaving only questions of law.  *Ulen Contracting Corp. v. Tri-County Elec. Coop.*, 1 F.R.D. 284, 285 (W.D. Mich. 1940).  Rule 12(c) motions must be made within a reasonable time after the pleadings conclude; the Rule expressly prohibits motions that result in a delay of the trial.  Fed. R. Civ. P. 12(c).

A motion for judgment on the pleadings is generally granted only where the moving party clearly establishes the absence of factual dispute and entitlement to judgment as a matter of law. *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). The Court must view the facts presented in the light most favorable to the nonmoving party.  All the factual allegations set forth by the nonmoving party are therefore assumed to be true, and all contravening allegations set forth by the moving party are deemed false.  *Id.*  A district court's grant of a motion for judgment on the pleadings is proper when there is no set of facts that would allow the plaintiff to recover.  *Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).  Although admissions pertaining to factual allegations are assumed against the moving party, the Court does not make similar assumptions with respect to conclusions of law, legally impossible facts, or evidence that would be otherwise inadmissible at trial.  5C Wright & Miller, *Federal Practice and Procedure* § 1368 (3d ed. 2004).

## IV.  ANALYSIS

Defendants argue that Plaintiff's claim for malicious prosecution should be dismissed because she was convicted of the underlying offense of driving under the influence of controlled

substances.  Plaintiff responds that she has stated a viable malicious-prosecution claim because she

was acquitted of the resisting-arrest charges.  In their briefs, the parties cite to cases expounding the

elements of malicious-prosecution claims under Michigan law; however, Plaintiff brings her

malicious-prosecution claim pursuant to 42 U.S.C. § 1983.

Section 1983 claims for malicious prosecution have been unified somewhat in that they "no

longer rely upon varying state laws within the circuit." *Bielefeld v. Haines*, 192 Fed. Appx. 516, 520

(6th Cir. 2006).  Although the Sixth Circuit recognizes § 1983 claims for malicious prosecution

under the Fourth Amendment,  "the contours of such a claim remain uncertain." *Fox v. DeSoto*, 489

F.3d 227, 237 (6th Cir. 2007).  Despite the fact that the elements of a Fourth Amendment malicious-

prosecution claim are not yet resolved, "it is clear that a plaintiff must show, at a minimum, 'that

there was no probable cause to justify [his] arrest and prosecution.'" *Barnes v. Wright*, 449 F.3d 709,

716 (6th Cir. 2006) (quoting *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003)

(alteration in original)); *see also Horacek v. Neph*, No. 07-13006, 2009 U.S. Dist. LEXIS 34043,

at *24 (E.D. Mich. Mar. 19, 2009) ("Section 1983 claims based on theories of . . . malicious

prosecution stand on the Fourth Amendment and turn on the question of probable cause.").  A

plaintiff must further establish that the defendant makes, influences, or participates in the decision

to prosecute.  *See Peet v. City of Detroit*, 502 F.3d 557, 580 (6th Cir. 2007), *cert. denied*, 128 S. Ct.

2430 (2008).

Because Fourth Amendment malicious-prosecution claims hinge on probable cause, there

is no question that Plaintiff is precluded from bringing a malicious-prosecution claim as it relates

to her driving-under-the-influence conviction.  *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994)

("[T]he hoary principle that civil tort actions are not appropriate vehicles for challenging the validity

4

of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the

plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied

to actions for malicious prosecution.").  With respect to her claim of malicious prosecution for the

resisting-arrest charges, the Court finds that Plaintiff has not made a cognizable claim under § 1983.

Defendants may not be liable for malicious prosecution "when [they] did not make the decision to

prosecute [Plaintiff]." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002).  Plaintiff

alleges that Defendants "frivolously charged Plaintiff" and "instituted criminal proceedings" but

such actions are not the standard in the Sixth Circuit for malicious-prosecution claims arising under

§ 1983.  Rather, Plaintiff must establish that Defendants made, influenced, or participated in the

decision to prosecute.  *See Peet*, 502 F.3d at 580.  Plaintiff has made no such showing here.

Beyond the fact that Plaintiff has failed to establish a cognizable malicious-prosecution claim

under § 1983, the Court is hesitant to hold that Plaintiff may bring a malicious-prosecution claim

for charges for which she was not convicted when she was convicted of at least one criminal charge

arising out of the same facts.  In this regard, the Court finds persuasive the reasoning in *Kossler v.*

*Crisanti*, 564 F.3d 181 (3d Cir. 2009).  In *Kossler*, the United States Court of Appeals for the Third

Circuit considered a malicious-prosecution claim under the Fourth Amendment, utilizing a standard

similar to that employed by the Michigan courts and for which the parties advocated in their briefs.

Thus, the plaintiff in that matter had to establish a favorable termination of the criminal proceeding

against him.  In holding that the plaintiff could not bring a malicious-prosecution claim when his

acquittal was accompanied by a contemporaneous conviction at the same proceeding, the *Kossler*

court noted that "various authorities refer to the favorable termination of a 'proceeding,' not merely

a 'charge' or 'offense.'" *Id.* at 188.

## V.  CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss

Plaintiff's claim for malicious prosecution pursuant to Fed. R. Civ. P. 12(c) [dkt 19].

IT IS HEREBY ORDERED that Plaintiff's claim for malicious prosecution under the Fourth

Amendment is DISMISSED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  July 29, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record
by electronic or U.S. mail on July 29, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290

6